```
 1  STROOCK & STROOCK & LAVAN LLP
    JAMES E. FITZGERALD (State Bar No. 108785)
 2  JOHN R. LOFTUS (State Bar No. 126841)
    BRYAN M. WITTLIN (State Bar No. 286382)
 3  2029 Century Park East
    Los Angeles, CA 90067-3086
 4  Telephone: 310-556-5800
    Facsimile:  310-556-5959
 5  Email:      lacalendar@stroock.com

 6  Attorneys for Defendants
       Sadhana Temple of New York, Inc.,
 7     Sarah Carson, Naomi Aschner and
       Barbara Thomson and
 8     Kunwar Surendra Kumar
```

FILED
CLERK, U.S. DISTRICT COURT
OCT 24 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LEITNER<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SADHANA TEMPLE OF NEW YORK, INC., a New York corporation; KUNWAR SURENDRA KUMAR; SARAH CARSON; NAOMI ASCHNER; BARBARA THOMPSON,<br><br>　　　　Defendants. | Case No. cv 13-7902-MMM-E<br><br>Assigned to the Honorable Margaret M. Morrow<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Action Filed: October 25, 2013 |

## STIPULATION AND PROTECTIVE ORDER

Defendants Sadhana Temple of New York, Inc. ("Sadhana Temple"), Sarah Carson, Barbara Thomson, Naomi Aschner and Kunwar Surendra Kumar ("Defendants"), and Plaintiff Karen Leitner ("Plaintiff") (collectively, the "Parties"), and subject to the approval of the Court, that the following Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this matter. In order to protect confidential information obtained by the parties in connection with this case, the Parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby stipulate to this Protective Order ("Order"). The purpose of this Order is to protect the confidentiality and utilization of such documents and information, as much as practical, during this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

1. In connection with any discovery, trial or appeal in this Action, this Protective Order shall apply to all documents pertaining to properties, accounts and/or certificates produced by the Parties in this Action, and/or obtained through a subpoena to a nonparty, that have been designated as confidential and/or proprietary, subject to the limitation described below. Documents designated as confidential and/or proprietary shall not include any document, or any information contained therein, which: (a) at the time of disclosure to the Parties, is in the public domain; (b) after disclosure to the Parties, becomes part of the public domain as a result of publication not involving a violation of this Order; (c) a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the document, or information contained therein, lawfully and under no obligation of confidentiality to the designating party; or (d) a receiving party can show was independently developed by it, before the time of disclosure, or after the time of disclosure by personnel who have not had access to the designating party's confidential and/or proprietary documents or information contained therein. The

parties reserve the right to seek a protective order in this Action regarding documents other than those pertaining to properties, accounts and/or certificates.

2. All documents that a party in this action designates confidential and/or proprietary as described in Paragraph 1 above shall hereinafter be referred to as "CONFIDENTIAL DOCUMENTS" and shall further include any copies, summaries, or other documents, in whatever form derived in whole or in part from such CONFIDENTIAL DOCUMENTS. CONFIDENTIAL DOCUMENTS shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

3. The producing party will label or mark as "CONFIDENTIAL," before production to the Parties, each document or thing deemed to be confidential and/or proprietary. If a category of documents, or voluminous amount of documents or things deemed to be confidential and/or proprietary is produced, the category or set of documents may be labeled or marked as "CONFIDENTIAL," rather than each and every page, so long as the label or mark is clear as to the category or set of documents to which it applies.

4. CONFIDENTIAL DOCUMENTS produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel of record for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following "qualified persons":

a. the Parties and their attorneys;

b. an officer, director, or employee of a party to this action, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

c. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

d. court reporters employed in this action;

e. a witness at any deposition or other proceeding in this action; and

f. any other person to whom the Parties in writing agree or upon court order.

Prior to receiving any CONFIDENTIAL DOCUMENTS, each "qualified person" (with the exception of court reporters) shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment "A" hereto. Except with regard to experts or consultants, counsel for all parties must be provided immediately with a copy of any signed nondisclosure agreement before any CONFIDENTIAL DOCUMENTS are disclosed to such person. With regard to experts, counsel shall be provided with a copy of the nondisclosure agreement bearing the signature of any such expert at the time that the disclosing party identifies such expert (or promptly after trial or settlement of this matter, whichever comes first).

5. Testimony given in this case by declaration or affidavit, or taken at a deposition, conference, hearing or trial that relates or refers in any way to the CONFIDENTIAL DOCUMENTS shall also be treated as confidential, at the producing party's request.

6. If any party inadvertently discloses CONFIDENTIAL DOCUMENTS to a party not authorized to receive such CONFIDENTIAL DOCUMENTS, the party making such inadvertent disclosure shall notify the other parties to this Action in writing within ten (10) days of the inadvertent disclosure, or first knowledge thereof, confirming that the inadvertently disclosed CONFIDENTIAL DOCUMENTS have been recovered from the individual to whom such inadvertent unauthorized disclosure was made, and verifying that no copies were made or retained by the individual receiving the unauthorized CONFIDENTIAL DOCUMENTS.

7. If CONFIDENTIAL DOCUMENTS are attached to any papers to be filed in Court in this case, such attachments shall be labeled CONFIDENTIAL and must be filed under seal.

8. In the event that any CONFIDENTIAL DOCUMENTS are used in any court proceeding in this action, they shall not lose their confidential status through such

1 use, and the party using such shall take all reasonable steps to maintain their
2 confidentiality during such use to ensure that end.
3 9. This Protective Order shall not prejudice the Parties in any way in any future
4 application for modification of this Protective Order.
5 10. Nothing in this Protective Order or the giving of testimony or the production
6 of any information or documents under the terms of this Protective Order nor any
7 proceedings pursuant to this Protective Order shall be deemed to have the effect of
8 an admission or waiver by the Parties or of altering the confidentiality of any of the
9 CONFIDENTIAL DOCUMENTS.
10 11. This Protective Order shall survive the final termination of this action, and the
11 Court shall retain jurisdiction to resolve any dispute concerning the use and/or
12 disclosure of CONFIDENTIAL DOCUMENTS hereunder. Upon termination of this
13 case, within ten days of the producing party's request, unless other arrangements are
14 mutually agreed upon, counsel for the Parties shall assemble and return to the
15 producing part(ies)' counsel all CONFIDENTIAL DOCUMENTS and all copies of
16 same, or shall certify the destruction thereof.
17 12. Nothing contained in this Protective Order shall operate as an admission by the
18 Parties that any particular CONFIDENTIAL DOCUMENTS are, or are not,
19 confidential, relevant, or admissible in this proceeding. Nothing in this Protective
20 Order is intended to subtract from, or modify the Parties' objections to any other
21 party's requests for production of CONFIDENTIAL DOCUMENTS.
22 13. This Protective Order shall be binding on each party (and each qualified
23 person) who signs it, regardless of whether all parties become signatories hereto.
24 14. This Protective Order may be modified only by the Court or by written
25 agreement signed by counsel for the Parties to the litigation.
26 15. The parties, through their respective counsel, agree that facsimile signatures
27 shall have the same force and effect as originals.
28 ///

///

///

///

16. The Court may modify this Order *sua sponte* in the interest of justice.

17. This Order is subject to further court orders based upon public policy and other considerations.

IT IS SO STIPULATED.

Dated: October 23, 2014

STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD
JOHN R. LOFTUS
BRYAN M. WITTLIN

By: /s/ James E. Fitzgerald
James E. Fitzgerald

Attorneys for Defendants
Sadhana Temple of New York, Inc.,
Kunwar Surendra Kumar, Sarah
Carson, Naomi Aschner and Barbra
Thomson

Dated: October 21, 2014

LAW OFFICES OF RICHARD M. FOSTER
RICHARD M. FOSTER
SYLVIA SULTANYAN
DAVID EUREDJIAN

By: /s/ Richard M. Foster
Richard M. Foster

Attorneys for Plaintiffs
Karen Leitner

**IT IS SO ORDERED**

Dated: 10/24/14

Honorable ~~Margaret M. Morrow~~
Charles F. Eick

-5-

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LEITNER<br><br>Plaintiff,<br><br>vs.<br><br>SADHANA TEMPLE OF NEW YORK, INC., a New York corporation; KUNWAR SURENDRA KUMAR; SARAH CARSON; NAOMI ASCHNER; BARBARA THOMPSON,<br><br>Defendants. | Case No. cv 13-7902-MMM-E<br><br>Assigned to the Honorable Margaret M. Morrow<br><br>DECLARATION OF COMPLIANCE REGARDING CONFIDENTIAL INFORMATION<br><br>Action Filed: October 25, 2013 |

## DECLARATION OF COMPLIANCE

I, (print or type full name) _____, declare under penalty of perjury under the laws of the State of California that the following statements are true and correct:

I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

1. I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

2. I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order upon receipt of any "Confidential" information, document, or thing.

3. I will be personally subject to the Stipulated Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of this Court for enforcement of the Stipulated Protective Order.

Executed at _____ on this ____ day of _____,
_____.


_____
(Signature)